**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rosario Adrian Diaz-Rodriguez,<br>Petitioner,<br>v.<br>Markwayne Mullin, et al.,<br>Respondents. | No. CV-26-05963-PHX-JZB<br>**ORDER** |

Pending before the Court is Petitioner Diaz-Rodriguez's "Verified Petition for Writ of Habeas Corpus." (Doc. 1.) In the Petition, Petitioner asserts that his July 8, 2026, bond redetermination hearing was constitutionally deficient. (*Id.* at 3.) Respondents, in amongst other arguments, assert that the Immigration Judge's ("IJ") bond decision was not constitutionally deficient given that the IJ employed the proper legal framework and properly weighed the probative evidence favoring Petitioner. (Doc. 7 at 5–8.) Based upon undersigned's review of the parties' filings, the transcript of the bond redetermination hearing, and the IJ's written decision, the Court agrees with Respondents. Namely, the IJ properly applied the governing legal standard—that is, the *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006) factors—to the facts presented to her. Consequently, the Court shall deny Petitioner's Petition.[1]

## I. BACKGROUND.

Petitioner is a native and citizen of Mexico. (Doc. 1 at 7.) Petitioner is married to a

---

[1] This order does not preclude Petitioner from requesting a new bond hearing should his circumstances materially change. *See* 8 C.F.R. § 1003.19(e).

lawful permanent resident and has three children in the country—one of which is a U.S. citizen and another is a Deferred Action for Childhood Arrivals recipient. (*Id.*); (doc. 1-1 at 250.)

Petitioner entered the country on or about 2001. (Doc. 1 at 7.) In the intervening years since his initial entry, Petitioner was removed but immediately reentered the country without authorization on the very next day. (Doc. 1-1 at 250.)

On June 4, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1 at 2.) Thereafter, on July 8, 2026, Petitioner was provided with a bond redetermination hearing. (Doc. 1-1 at 248–51.) During the hearing, Petitioner—through counsel—argued that he was not a flight risk. *See generally* (doc. 9.) After the bond hearing, the IJ issued a written decision denying bond because Petitioner—regardless of which party bore the burden of proof—was an "extreme flight risk." (Doc. 1-1 at 248.) Following the bond denial, Petitioner filed the instant Petition on August 21, 2026. *See* (doc. 1.)

## II. 28 U.S.C. § 2241 WRIT OF HABEAS CORPUS.

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'") (quoting *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 95 (1807)); *cf. In re Kaine*, 55 U.S. (14 How.) 103 (1852) (applying the writ of habeas corpus in the immigration context). The Supreme Court has made clear that § 2241 applies to noncitizens[2] challenging

---

[2] Undersigned shall use the term 'noncitizen' unless a quoted statute or court decision uses the term 'alien.' This usage is congruent with the Ninth Circuit Court of Appeals' precedent, such as *Avilez v. Garland*, which specifically stated:

> This opinion uses the term noncitizen unless quoting language from the immigration statutes or past opinions containing the term alien. There are two reasons behind this choice. First, use of the term noncitizen has become

their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Because Petitioner only challenges the bond hearing she received, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order[.]").

## III. Discussion.

The crux of the instant dispute is whether Petitioner—who is detained pursuant to 8 U.S.C. § 1226(a)—was provided a constitutionally and legally adequate bond hearing. To answer this question, the Court must first address whether it has jurisdiction to hear this matter. If so, the Court will then address the merits of Petitioner's claim.[3]

### A. Jurisdiction.

Respondents claim that pursuant to 8 U.S.C. § 1226(e) "[f]ederal courts do not have jurisdiction to review immigration judges' decisions in bond proceedings and Federal courts 'may not second-guess the immigration judge's weighing of the evidence.'" (Doc. 7 at 5) (quoting *Calmo v. Sessions*, No. C 17-07124 WHA, 2018 U.S. Dist. LEXIS 98718, at *11 (N.D. Cal. June 12, 2018)). However, Respondents fail to consider that 8 U.S.C. §

---

> a common practice of the Supreme Court[.] Second, even if that were not the case, careful writers avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing. The word alien can suggest "strange," "different," "repugnant," "hostile," and "opposed," . . . while the word noncitizen, which is synonymous, . . . avoids such connotations. Thus, noncitizen seems the better choice.

*Avilez v. Garland*, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (cleaned up).

[3] Additionally, Respondents in their Response request the Court "dismiss all Respondents other than Warden Eric Rokosky," asserting that a "habeas petition may never have multiple respondents[.]" (Doc. 7 at 2.) "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit Court of Appeals has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). While both *Doe* and *Padilla* set forth the rule that a habeas petitioner must name the warden of the facility where they are detained, these decisions did not preclude naming more than one Respondent. Hence, the Court does not find dismissal proper in the instant action.

1226(e) "does not limit habeas jurisdiction over constitutional claims or questions of law," *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), nor does it "strip federal courts of traditional habeas jurisdiction." *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024).

Generally, federal courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e). Pursuant to the statute:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

Although it is true that questions of fact "raised in an application for discretionary relief remain unreviewable," federal courts may nonetheless review habeas challenges to an IJ's application of a legal standard—including the determination of flight risk—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez*, 124 F.4th at 782–83 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024)). Hence, § 1226(e) "precludes federal courts from reviewing 'underlying factual determinations,'" including "'credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides,'" but does not bar courts from reviewing pure legal questions or mixed questions of law and fact, "even when they are primarily factual[.]" *Id.* at 782–83 (quoting *Wilkinson*, 601 U.S. at 225).

The IJ's determinations of these questions are reviewed for abuse of discretion. *Id.* at 784. The Court "cannot reweigh evidence," but it can determine whether the IJ "applied the correct legal standard." *Id.* at 785 (citation omitted).

For the foregoing reasons, Petitioner's allegation that the IJ abused her discretion when she determined that Petitioner was an "extreme flight risk," (doc. 1-1 at 248), despite strong facts to the contrary is a mixed question of law and fact that the Court has jurisdiction to review.

//

//

**B. The IJ Did Not Abused Her Discretion by Denying Bond**.

The Court's review of an IJ's bond determination is limited.[4] When determining whether a noncitizen is a danger to the community or risk of flight, an IJ normally weighs nine factors, pursuant to BIA precedent. *Minango v. Bondi*, No. 2:26-cv-00235-ART-BNW, 2026 U.S. Dist. LEXIS 101189, at *8 (D. Nev. May 6, 2026) (citing *Guerra*, 24 I. & N. Dec. at 40). The nine factors an IJ "'may' consider 'include any or all of the following'":

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *Guerra*, 24 I. & N. Dec. at 40).

"An IJ's application of the above standard 'is malleable and involves agency discretion,' but a federal court can still 'assess whether an IJ correctly applied the legal standard to a given set of facts.'" *Garcia-Merino v. Hernandez*, No. 26-cv-1911, 2026 U.S. Dist. LEXIS 164999, at *10–11 (W.D. Wash. July 24, 2026) (quoting *Martinez*, 124 F.4th at 783); *Segura Serrano v. Scott*, No. 2:26-CV-01268-LK, 2026 U.S. Dist. LEXIS 115824, at *13–14 (W.D. Wash. May 26, 2026) (finding there was jurisdiction to review the IJ's determination of flight risk where Petitioner alleged the IJ did not apply the *Guerra* factors correctly); *Zaitsev v. Warden*, No. 2:26-CV-00454-SPG-AS, 2026 U.S. Dist. LEXIS 30181, at *30–31 (C.D. Cal. Feb. 9, 2026) (finding that "[i]n light of *Martinez*, courts may review an IJ's finding that [a noncitizen] poses a flight risk for abuse of discretion");

In the IJ's written decision, she states that:

> After considering the totality of the circumstances and all relevant factors, the Court denies bond. If DHS bears the burden, the Court finds that DHS has met its burden to establish that [Petitioner] is an extreme flight risk. To

[4] *See supra* section III.A.

> be clear, the Court finds that the government has proven by clear and convincing evidence that continued detention is justified in light of the significant liberty interests at stake. In the alternative, if the [Petitioner] bears the burden, the Court finds that he has not met his burden to establish that he is not a significant flight risk such that release from custody is warranted. Accordingly, the Court denies the [Petitioner's] request for a change in custody status[.]

(Doc. 1-1 at 248.)

The IJ's decision was based upon several probative facts contained in the record. First, the IJ considered Petitioner's unlawful entry into the U.S. (*Id.* at 249.) Second, the IJ considered Petitioner's arrest after a traffic stop where Petitioner was transporting another undocumented noncitizen—the record is unclear whether this individual is related to Petitioner—who fled from law enforcement officers. (*Id.* at 249–50.) Third, the IJ considered Petitioner's admission that he had unlawfully entered the U.S. on two occasions, noting that "the second time was only one day after he had been returned to Mexico by immigration officials." (*Id.* at 250.) Fourth, the IJ noted that Petitioner's eligibility for relief was speculative due to his failure to seek adjustment of status. (*Id.*) Lastly, the IJ did consider probative evidence in Petitioner's favor, such as Petitioner's marriage to a lawful permanent resident, three adult children in the country, employment, and the fact that Petitioner is "a beneficiary of an approved Petition for Alien Relative, Form I-130." (*Id.*)

The Court does not find that the IJ's decision was legally erroneous. First, the Court notes that the IJ, while not citing every piece of evidence in the record, did list the highly probative evidence in the record, regardless of the party that evidence favored. *See* (doc. 1-1 at 249–50.) The IJ's failure to list off every fact in the record was not legally erroneous, given that she is not required to do so under the governing legal standards. Rather, as long as she gave reasoned consideration of probative evidence—which she did here—then there is little indication that the IJ abused her discretion in rendering an unfavorable decision. *Cf. Larita-Martinez v. Immigr. & Naturalization Serv.*, 220 F.3d 1092, 1096 (9th Cir. 2000); *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("In particular, where potentially

dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."); *C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2026 U.S. Dist. LEXIS 17595, at *20–21 (E.D. Cal. Jan. 29, 2026) (noting that misstatements of the record and "fail[ure] to mention highly probative or potentially dispositive evidence" creates "an indication that something is amiss" with the IJ's decision).

Second, though the IJ did not consider all of the *Guerra* factors in her decision, she does not need to. *See Rodriguez v. Blanche*, No. 2:26-cv-00672-APG-NJK, 2026 U.S. Dist. LEXIS 125963, at *8 (D. Nev. June 6, 2026) ("An IJ has 'broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative.'") (quoting *Martinez*, 124 F.4th at 783–84). Rather, an IJ may deny release on bond based on flight risk alone. *See Tumux v. Warden*, No. 2:26-cv-00670 DAD CSK, 2026 U.S. Dist. LEXIS 130600, at *1–3 (E.D. Cal. June 11, 2026) (finding an IJ's decision to deny release on bond based on flight risk alone was not legally erroneous), *report and recommendation adopted*, 2026 U.S. Dist. LEXIS 191411 (E.D. Cal. Aug. 24, 2026). Here, the IJ weighed the probative evidence—such as Petitioner's unlawful reentry immediately following his prior removal against evidence of family ties in the U.S.—and found that Petitioner was a flight risk. *See* (doc. 1-1 at 249–50.) The Court finds that the IJ provided sufficient reasoning based upon the probative evidence in the record to reach this decision.

Based upon the foregoing, Petitioner has not raised any "red flags indicating the IJ did not properly apply the law." *Rodriguez v. Blanche*, No. 2:26-cv-00672-APG-NJK, 2026 U.S. Dist. LEXIS 125963, at *8 (D. Nev. June 6, 2026). Rather, all that Petitioner has provided are arguments requesting undersigned to reweigh the evidence in his favor. *See* (doc. 1 at 13–15.) Given that this Court is precluded from reweighing the evidence, *see Martinez*, 124 F.4th at 785 ("Under an abuse of discretion standard, [the Court] cannot reweigh evidence but can only determine whether the [IJ] applied the correct legal standard."), Petitioner is not entitled to any relief here.

Accordingly,

**IT IS ORDERED** that Petitioner's Verified Petition for Writ of Habeas Corpus

(doc. 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is kindly directed to enter judgment in Respondents' favor and terminate this action.

Dated this 27th day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge